UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————
No 08-CV-0882 (JFB)(WDW)
———————————

KEVIN HOUSTON,

Plaintiff,

VERSUS

NASSAU COUNTY, JOHN DOE #1, JOHN DOE #2, NASSAU COUNTY CORRECTIONS,
JOHN DOE #3, SHERIFF EDWARD REILLY, JOHN DOE #4,

Defendants.

———————————
MEMORANDUM AND ORDER
March 6, 2009
———————————

JOSEPH F. BIANCO, District Judge:

Plaintiff Kevin Houston ("plaintiff," or "Houston"), an inmate at the Nassau Correctional Facility at the time of the incident alleged in his complaint, brings the above-captioned action alleging violations pursuant to 42 U.S.C. § 1983 and state law against Nassau County (the "County"), Nassau County Corrections, Sheriff Edward Reilly ("Sheriff Reilly") and John Does 1-4, arising out of an incident at the Nassau County Correctional Facility on October 3, 2006, in which plaintiff was allegedly assaulted by another inmate with a wooden broom handle.

Defendants move to dismiss, pursuant to Rule 12(b)(6), on several grounds. Plaintiff did not respond to defendants' motion. As set forth below, defendants' motion is granted, but plaintiff will be given an opportunity to re-plead to address the various defects in his pleading, discussed below.

I. FACTS

A. Background

The following facts are taken from the complaint and are not findings of fact by the Court. The Court assumes these facts to be true for the purpose of deciding this motion and construes them in the light most favorable to plaintiff, the non-moving party.

The complaint alleges that, on October 3, 2006, defendants "carelessly and negligently" permitted an inmate at the Nassau County Correctional Facility, Thomas Noeyle, to gain

access to a custodial closet, take a wooden scrub broom handle and carry it to the day room of dorm E27, where plaintiff was sitting at the time. (Complaint ("Compl.") ¶ 4.) Plaintiff was watching television, when "he received a thunderous blow to the side of his face by his left ear." (*Id.*) When plaintiff turned around, he "observed inmate Noeyle holding the broom handle that had just struck him in his face." (*Id.*) Plaintiff alleges that, as a result of this incident, he "sustained visible injury to the face/head and was seen in the medical unit," "suffered severe physical anguish," and "experienced diminished hearing in his left ear," which is ongoing to date. (*Id.*)

## II. PROCEDURAL HISTORY

Plaintiff filed the complaint in this action on February 29, 2008. On June 30, 2008, defendants moved to dismiss pursuant to Rule 12(b)(6) on a number of grounds. Plaintiff submitted no opposition to the motion.

## III. STANDARD OF REVIEW

The defendants have moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In reviewing a motion to dismiss under Rule 12(b)(6), a court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). The plaintiff must satisfy "a flexible 'plausibility' standard, which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1969 (2007). The Court does not, therefore, require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. Further, in reviewing a motion to dismiss under Rule 12(b)(6), "the district court is normally required to look only to the allegations on the face of the complaint." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). Moreover, as the Second Circuit recently emphasized in *Sealed Plaintiff v. Sealed Defendant*, "[o]n occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally." 537 F.3d 185, 191 (2d Cir. 2008) (citations and quotation marks omitted); *see also Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 145-46 (2d Cir. 2002) (holding that when plaintiff is appearing *pro se*, the Court shall "'construe [his complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'") (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)); *accord Sharpe v. Conole*, 386 F.3d 482, 484 (2d Cir. 2004).

## IV. DISCUSSION

### A. Claim against Nassau County Corrections

The Court dismisses defendant Nassau County Corrections from the instant action on the well-settled grounds that this entity is an "administrative arm" of the same municipal entity and, thus, lacks the capacity to be sued. *See, e.g., Caidor v. M&T Bank*, No. 5:05-CV-

297, 2006 U.S. Dist. LEXIS 22980, at *6-*7 (N.D.N.Y. Mar. 27, 2006) ("'Under New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued.'") (quoting *Hill v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002). Accordingly, the Court dismisses all causes of action against Nassau County Corrections.

### B. Claim against Nassau County

Although plaintiff's allegations do not make this clear, the Court understands his claim against Nassau County to be on the theory of *respondeat superior* in connection with the administration of the Nassau County Correctional Facility. While local governments may be sued pursuant to 42 U.S.C. § 1983, liability is limited to constitutional violations that occurred as a result of a government's policy or custom. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978). However, plaintiff's complaint fails to allege a policy or custom that could form the basis for a *Monell* claim against the County, arising from the October 3, 2006 incident.

Under *Monell*, a municipal entity may be held liable under Section 1983 where a plaintiff demonstrates that the constitutional violation complained of was caused by a municipal "policy or custom." 436 U.S. at 694-95; *Patterson*, 375 F.3d at 226 (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733-36 (1989), and *Monell*, 436 U.S. at 692-94). "The policy or custom need not be memorialized in a specific rule or regulation." *Kern v. City of Rochester*, 93 F.3d 38, 44 (2d Cir. 1996) (citing *Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 870 (2d Cir. 1992)). A policy, custom, or practice of the municipal entity may be inferred where "'the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction.'" *Patterson*, 375 F.3d at 226 (quoting *Kern*, 93 F.3d at 44).

However, a municipal entity may only be held liable where the entity itself commits a wrong; "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *see also Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation."); *Ricciuti v. NYC Transit Auth.*, 941 F.2d 119, 122 (2d Cir. 1991) ("A municipality and its supervisory officials may not be held liable in a § 1983 action for the conduct of a lower-echelon employee solely on the basis of respondeat superior."); *Vippolis v. Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985) ("A plaintiff who seeks to hold a municipality liable in damages under section 1983 must prove that the municipality was, in the language of the statute, the 'person who . . . subjected, or cause[d] [him] to be subjected,' to the deprivation of his constitutional rights.") (citing 42 U.S.C. § 1983); *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) ("A municipality may not be held liable in an action under 42 U.S.C. § 1983 for actions alleged to be unconstitutional by its employees below the policymaking level solely on the basis of *respondeat superior*.").

In the instant case, the Court finds that plaintiff's *Monell* claim against the County pursuant to Section 1983 must be dismissed as

3

a matter of law because plaintiff has failed to identify any policy or custom that is the basis for such a claim in connection with the October 3, 2006 incident. *See, e.g., Walker v. City of New York*, No. 07 Civ. 1543 (JG)(LB), 2007 WL 1340252, at *2 (E.D.N.Y. May 4, 2007) (dismissing the claim against the City of New York where "there are no facts alleged in the complaint to support a claim against the City of New York. Even liberally construing plaintiff's claim, nothing suggests that the alleged constitutional violations were attributable to any municipal policy or custom."); *Tropeano v. City of New York*, No. 06 Civ. 2218 (SLT), 2006 WL 3337514, at *4 (E.D.N.Y. Oct. 31, 2006) ("The municipality cannot be held liable simply on a theory of *respondeat superior* . . . plaintiff cannot prevail where as here she has not identified a policy or custom that caused the denial of a constitutional right. Therefore, the Court dismisses the claims against the City of New York"). Although the complaint alleges that defendants negligently disregarded their duty of care on October 3, 2006, by allowing inmate Noeyle to access a broom handle and assault plaintiff with it, such an isolated act is not sufficient to support an inference of a municipal policy. Because plaintiff has failed to establish that he suffered from a constitutional injury as the result of a policy or custom of the defendant Nassau County, plaintiff's *Monell* claim is dismissed. However, the Court will give plaintiff leave to re-plead to attempt to correct the defect.

C. Claim against Sheriff Edward Reilly

Plaintiff's Section 1983 claim against Sheriff Reilly must be dismissed as a matter of law for failure to allege personal involvement by Sheriff Reilly in the alleged violation of plaintiff's rights. "[A] claim for relief under 42 U.S.C. § 1983 only need allege that some person acting under color of state law deprived the claimant of a federal right," *Green v. Maraio*, 722 F.2d 1013, 1016 (2d Cir. 1983), but it is well-settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977); *see Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1987). A complaint based on a violation under Section 1983 that does not allege the personal involvement of the defendant is "fatally defective on its face." *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987) (internal quotations and citations omitted).

A defendant may be personally involved in a constitutional deprivation within the meaning of Section 1983 if he "directly participated in the infraction," or if he is a supervisory official, and he (1) failed to remedy the wrong after learning of the violation through a report or appeal; (2) created or continued a custom or policy under which unconstitutional practice occurred; or (3) was grossly negligent in managing subordinates who caused the unlawful condition or event. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citations omitted). Plaintiff has alleged no such involvement by Sheriff Reilly here and, therefore, plaintiff's claim against Sheriff Reilly is dismissed. However, the Court will give plaintiff leave to re-plead to attempt to correct this defect.

D. Deliberate Indifference Element

Defendants argue that plaintiff's complaint should be dismissed because plaintiff only alleges that defendants were negligent in connection with the October 3, 2006 incident; not that they were deliberately indifferent, as required for plaintiff's claim to survive. As set

4

forth below, the Court agrees, but will give plaintiff an opportunity to re-plead.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979). Plaintiff's complaint appears to allege that defendants violated plaintiff's rights under the Eighth Amendment of the Constitution of the United States by failing to protect him while he was in their custody. Under the Eighth Amendment, prison officials must "take reasonable measures to guarantee the safety of inmates in their custody." *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996). More specifically, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To prevail on a "failure to protect" claim, a prisoner must show that the prisoner was "incarcerated under conditions posing a substantial risk of serious harm," (*Id.* at 834), and that prison officials were deliberately indifferent to the prisoner's safety. *Id.* "[A] prison official acts with deliberate indifference and thus has sufficient culpable intent if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm." *Blaylock v. Borden*, 547 F. Supp. 2d 305, 310 (2008) (internal quotations and citation omitted).

Here, plaintiff has simply alleged that defendants were negligent in leaving a guard post unmanned, allowing inmate Noeyle to obtain a wooden broom handle and bring it to the day room, where it was allegedly used to harm plaintiff. (Compl. ¶ 4.) Plaintiff does not allege, as required to survive a motion to dismiss, that defendants knew of a "substantial risk of serious harm" and disregarded it. *See Benton v. Scully*, No. 86 CIV 3802 (CSH), 1990 WL 16092 (S.D.N.Y. Feb. 13, 1990) ("mere negligence will not give rise to § 1983 liability"). Therefore, plaintiff's complaint is dismissed with leave to re-plead to correct this defect.

### E. The Prison Litigation Reform Act Exhaustion Requirement

The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 USCS § 1997e. "The PLRA exhaustion requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.' Prisoners must utilize the state's grievance procedures, regardless of whether the relief sought is offered through those procedures." *Espinal v. Goord*, 554 F.3d 216 (2d Cir. 2009) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)).

The Second Circuit has stated that courts must focus on three questions in their analysis of this exhaustion requirement: "(1) were administrative remedies, in fact, available to the plaintiff; (2) do waiver or estoppel principles preclude defendants from raising exhaustion, and (3) do 'special circumstances' excuse a failure to exhaust." *Davis v. New York*, No. 07-3262-pr, 2009 WL 424151, at *1 (2d Cir. Feb. 20, 2009); *accord Reynoso v. Swezey*, 238 Fed.Appx. 660, 2007 WL 1836880 (2d Cir. June 25, 2007) ("Our cases

5

prior to *Woodford* [*v. Ngo*, 548 U.S. 81 (2006)] recognized some nuances in the exhaustion requirement: (1) administrative remedies that are ostensibly 'available' may be unavailable as a practical matter, for instance, if the inmate has already obtained a favorable result in administrative proceedings but has no means of enforcing that result; (2) similarly, if prison officials inhibit the inmate's ability to seek administrative review, that behavior may equitably estop them from raising an exhaustion defense; (3) imperfect exhaustion may be justified in special circumstances, for instance if the inmate complied with his reasonable interpretation of unclear administrative regulations, or if the inmate reasonably believed he could raise a grievance in disciplinary proceedings and gave prison officials sufficient information to investigate the grievance.") (internal citations omitted).[1]

Although it appears from the face of the complaint that plaintiff did not file a prison grievance with respect to the October 3, 2006 incident, plaintiff attempts to explain his failure to do so. (Compl. ¶ 2.) However, because his explanation is unclear, the Court will provide plaintiff with an opportunity to make a supplemental submission to explain his failure to exhaust.

## V. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss plaintiff's complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, is granted. Plaintiff, however, is granted leave to amend his pleading to correct the defects discussed above, including failure to provide allegations of a custom or policy under *Monell*, failure to provide allegations of deliberate indifference, and failure to provide allegations of personal involvement by Sheriff Reilly. In addition, plaintiff must also submit a supplemental affirmation explaining why his complaint should not be dismissed for failure to exhaust his administrative remedies pursuant to the PLRA. In that filing, plaintiff should provide any special circumstances that prevented him from complying with the administrative remedy procedure. Plaintiff's amended complaint and supplemental submission shall be filed within 60 days of this Memorandum and Order. Failure to do so will result in dismissal of plaintiff's complaint.[2]

SO ORDERED.

_____
JOSEPH F. BIANCO

_____

[1] Although the Second Circuit has not yet decided whether *Woodford* has an impact on the special circumstances previously recognized by the Second Circuit as exceptions to the exhaustion requirement, this Court need not address that issue until plaintiff identifies any special circumstances that existed.

[2] Defendants also move to dismiss on grounds that qualified immunity shields the individual defendants from personal liability related to their official acts. However, because of the various pleading defects identified above (including failure to provide allegations regarding deliberate indifference), the Court is unable to analyze this issue at this time. Upon filing of the amended complaint, the Court will give defendants an opportunity to renew this motion. Similarly, defendants argue that the state law claims are time barred. However, in its discretion, the Court declines to address that issue at this time because plaintiff has failed to state a plausible federal claim. Defendants, however, can renew that motion should the Court subsequently determine that any federal claims in the amended complaint survive a motion to dismiss.

6

United States District Judge

Dated:   March 6, 2009
         Central Islip, NY

* * *

Plaintiff is representing himself *pro se*. The attorneys for defendants are Diane C. Petillo, Esq. and Donna A. Napolitano, Esq., Office of the Nassau County Attorney, One West Street, Mineola, New York 11501.